# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 22-cv-3074 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell and Guy Bosch, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Tony Dejuan Jackson's (1) Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 [ECF No. 1 ("Complaint")], (2) motion seeking to consolidate this action with another filed by Jackson [ECF No. 4 ("Consolidation Motion")], and (3) First Amended Complaint [ECF No. 6 ("Amended Complaint")]. Given the Amended Complaint's new allegations, Jackson can proceed *in forma pauperis* ("IFP") here, but he must pay an initial partial filing fee ("IPFF"). The Court therefore vacates an earlier order denying the IFP Application and assesses Jackson's IPFF. The Court also denies the Consolidation Motion.

The Court received Jackson's Complaint on December 12, 2022. *See* Docket. Alongside the Complaint, Jackson filed a motion to proceed IFP. *See id.* On February 3, 2023, this Court entered an order denying the IFP application. *See* Order 4 [ECF No. 3 ("February 2023 Order")]. As relevant here, that order concluded that (1) Jackson is a

three-strikes litigant for purposes of 28 U.S.C. § 1915(g),[1] (2) the Complaint did not allege

that Jackson is "under imminent danger of serious physical injury," and so (3) denying the

IFP application was appropriate.  *See id.* at 2–4.  The Court gave Jackson 21 days to pay

this action's filing fee, failing which the Court would "recommend dismissing this action

without prejudice for failure to prosecute."  *See id.* at 4; *cf.* Fed. R. Civ. P. 41(b) (permit-

ting dismissal for failure to prosecute).

Jackson has not paid this action's filing fee.  Instead, he filed the Consolidation

Motion (received on February 13, 2023) and the Amended Complaint (received four days

later).  *See* Docket.  The Consolidation Motion asks the Court to consolidate this action

with Jackson's earlier action titled *Jackson v. Simon*, No. 22-CV-3034 (PAM/TNL) (D.

Minn.).  *See* Consol. Mot. 1 [ECF No. 4].  Quoting Federal Rules of Civil Procedure 18

and 20, Jackson contends that consolidation or joinder of the cases would be "very practical

under the circumstances."  *Id.* at 1–2.

The Amended Complaint presumably reflects a request that the Court use that filing,

rather than the Complaint, as this action's operative pleading.  The new version's main

differences appear to be that it (1) inserts material found in paragraphs 5 and 7–9 of the

Amended Complaint, and (2) adds punitive damages and injunctive relief to the sought-

---

[1] Under 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or ap-
> peal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

after forms of relief.  *Compare* Compl. 1, 4–5, 17 [ECF No. 1] *with* Am. Compl. 1, 4–6, 19 [ECF No. 6].

The Amended Complaint's effect is a threshold point here.  Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, as relevant here, "[a] party may amend its pleading once as a matter of course" in certain situations; under Rule 15(a)(2), even when a party cannot amend as a matter of course, "[t]he court should freely give leave when justice so requires."  Given these rules, the Court permits Jackson to amend the Complaint: going forward, the Amended Complaint is this action's operative pleading.

This in turn affects the February 2023 Order.  The Court's denied Jackson's IFP application because the Complaint did not allege that Jackson is "under imminent danger of serious physical injury."  But the Amended Complaint adds relevant material.  Specifically, the Amended Complaint goes beyond speculative claims that airborne lead dust at the Minnesota Correctional Facility–Stillwater ("MCF-Stillwater") might potentially cause Jackson cancer.  Jackson now asserts that lead-dust conditions at MCF-Stillwater have caused him certain present "medical issues": "head [ache] pains, muscle pains, [t]eeth have developed holes in them, bloody nose, pain in eye sockets, [and] white slime on gums of teeth and nausea."  Am. Comp. 4 [ECF No. 6].

For purposes of the § 1915(g) exception, the Court concludes that this action's operative complaint now sufficiently alleges that Jackson is in imminent danger of serious physical injury.  The upshot is that Jackson, notwithstanding his three earlier § 1915(g) strikes, can proceed IFP here (if, as discussed below, he pays an IPFF).  The Court therefore vacates the February 2023 Order.

Because Jackson is a prisoner, however, his resurrected IFP application [ECF No. 2] is subject to 28 U.S.C. § 1915(b)(1)–(2):

> (1)     Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> >    (A)     the average monthly deposits to the prisoner's account; or
> >
> >    (B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2)     After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

According to this statute—part of the Prison Litigation Reform Act ("PLRA")—prisoners granted IFP status are not excused from paying the court filing fee altogether, as nonprisoner IFP litigants are.  Instead, a prisoner granted IFP status merely gets permission to pay the filing fee in installments, rather than paying the entire amount in advance.  *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").  Section 1915(b)(1) requires prisoner IFP applicants to pay an IPFF at a

case's outset, and § 1915(b)(2) requires that the prisoner pay the remaining balance in installments through regular deductions from his or her trust account.

Jackson has not submitted the needed "certified copy of . . . trust fund account statement" in this action, cf. 28 U.S.C. § 1915(a)(2), but he did file one in another recently filed case, so the Court will use that form's information. *See* Cert. of Authorized Prison Official 7 [ECF No. 2 in *Jackson v. Schnell*, No. 23-CV-0366 (PJS/DTS) (D. Minn.)]. That filing states that the amount of Jackson's average monthly deposits during the preceding six-month period was $352.55, while his average balance during the same period was $645.51. *See id.* Because the balance amount exceeds the deposits amount, Jackson's IPFF in this case, under the § 1915(b)(1) formula, will be 20 percent of the average balance amount, or $129.10.

This action will not go forward until Jackson's IPFF of $129.10 has been paid in full. If Jackson elects to pursue this action by paying the $129.10 IPFF, *the entirety of the remaining balance of the $350.00 statutory filing fee will have to be paid in later installments.*[2] Prison officials will be ordered to deduct funds from Jackson's trust account and submit such funds to the Court, as provided by § 1915(b)(2), regardless of whether Jackson succeeds in this action. If Jackson does not pay his IPFF within 20 days of this Order's date, the Court will deem him to have abandoned this action and recommend dismissing the case without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

---

[2] The statutory filing fee for new actions commenced in a federal district court is $350.00. *See* 28 U.S.C. § 1914(a). Due to additional administrative fees, however, the total fee is now $402.00. Because the PLRA applies only to the statutory filing fee, Jackson—if he proceeds with this action—will only be required to pay the $350.00 statutory filing fee, not the $402.00 total fee.

Finally, the Court addresses the Consolidation Motion.  Under Rule 42(a)(1), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."  "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018) (citing treatise); *see also, e.g.*, *Select Comfort Corp. v. Baxter*, No. 12-CV-2899 (DWF/TNL), 2022 WL 17555484, at *3 (D. Minn. Dec. 9, 2022) (quoting *Hall*).  Relevant factors in consolidation decisions include "[w]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."  *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 405 (D. Minn. 1998) (quoting *Cantrell v. GAF*, 999 F.2d 1007, 1011 (6th Cir. 1993) (second brackets in original)); *see also, e.g.*, *Select Comfort*, 2022 WL 17555484, at *3 (quoting *Chill*).

In this case, the Court concludes that it should not consolidate this action with No. 22-CV-3034.  Fundamentally, the two actions do not, as Rule 42(a)(1) requires, involve common questions or law or fact.  The two actions have one common defendant—which appears to be why Jackson thinks consolidating the cases makes sense—but the subject matters are totally different.  This action concerns MCF-Stillwell's ventilation system and the possibility that airborne lead dust is affecting Jackson's health.  No. 22-CV-3034, in contrast, attacks Minnesota statutes that bar felons from voting.  *See* Civil Compl. Requesting Injunctive Relief, Declaratory J. and TRO 1–3, 21–23 [ECF No. 1 in *Jackson v.*

*Simon*, No. 23-CV-3034 (PAM/TNL) (D. Minn.)].  There is no obvious legal or factual

overlap between the actions, so the Court need not delve into any other factors to find

consolidation unnecessary.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT:**

1.  The Court's Order dated February 3, 2023 [ECF No. 3] is **VA-CATED**.

2.  Plaintiff Tony Dejuan Jackson must pay an initial partial filing fee of at least $129.10 within 20 days of the date of this order, failing which the Court will recommend dismissing this action without prejudice for failure to prosecute.

3.  Jackson's motion seeking consolidation of this action with *Jackson v. Schnell*, No. 23-CV-3034 (PAM/TNL) (D. Minn.), [ECF No. 4] is **DENIED**.

Dated: March  30  , 2023                           *s/ Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota


                                                    *Jackson v. Schnell et al.*
                                                    Case No. 22-cv-3074 (KMM/TNL)