UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | Case No. 22-cv-3074 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell and Guy Bosch, | |
| Defendants. | |

This matter comes before the Court upon Magistrate Judge Douglas L. Micko's Report and Recommendation ("R&R") dated August 17, 2023 [ECF No. 34], recommending that Plaintiff Tony Dejuan Jackson's First Motion for an Emergency Prohibitory Injunction Order and Temporary Restraining Order [ECF. No. 26] and Second Motion for an Emergency Prohibitory Injunction Order and Temporary Restraining Order [ECF No. 32] both be denied. The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is not repeated here. Mr. Jackson timely objected to the R&R [ECF No. 40], and Defendants Paul Schnell and Guy Bosch filed a response to Mr. Jackson's objections. [ECF No. 43].

Pursuant to statute, this Court reviews *de novo* any portion of the R&R to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that R&R. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations."

Fed. R. Civ. P. 72(b)(2).  "The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–cv–1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  Objections which are not specific but merely restate arguments already presented to and considered by the magistrate judge are not entitled to *de novo* review. *Dunnigan v. Fed. Home Loan Mortg. Corp.*, No. 15–cv–2626 (SRN/JSM), 2017 WL 825200, at *3 (D. Minn. Mar. 2, 2017).  As explained below, the Court overrules Mr. Jackson's Objections and adopts the R&R in its entirety.

## DISCUSSION

A preliminary injunction is issued to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devisme v. City of Duluth*, No. 21-CV-1195 (WMW/LIB), 2022 WL 507391, at *3 (D. Minn. Feb. 18, 2022), *aff'd*, No. 22-1572, 2022 WL 6872000 (8th Cir. Oct. 12, 2022) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  In deciding whether a preliminary injunction is warranted, a court should consider: (1) the Plaintiff's likelihood of success on the merits; (2) the threat of irreparable harm to Plaintiff; (3) the balance between that threat of harm and the injury that granting injunctive relief would inflict on other interested parties; and (4) whether the issuance of a preliminary injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  For this reason, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in

2

the complaint." *Laramore v. Quality Residence, LLC*., No. 21-CV-0781 (WMW/KMM), 2021 WL 1783491, at *1 (D. Minn. May 5, 2021), *aff'd sub nom. Laramore v. Quality Residence, LLC*, No. 22-1668, 2022 WL 2914366 (8th Cir. July 25, 2022) (citing *Devose*, 42 F.3d at 471).

The Court has carefully reviewed the record and concludes that Mr. Jackson's objections offer neither law nor fact requiring departure from the Report and Recommendation. Mr. Jackson's complaint alleges failure to be provided with a prison facility free of toxic lead, which he claims is endangering his health as demonstrated by a variety of alleged physical symptoms. [Amended Complaint, ECF No. 6 ¶ 5]. But the two injunction requests seek different relief entirely, as one seeks improved access to legal materials and the other seeks changes to prison staffing practices. Mr. Jackson objects to Magistrate Judge Micko's conclusions with respect to the necessary connection between his requested preliminary relief and his underlying claims in an action.

The Court agrees with Judge Micko that Mr. Jackson has failed to demonstrate the necessary connection between his requested preliminary relief and his underlying claims in this action. And this Court also finds that even if it were to consider the merits of Mr. Jackson's Motions seeking preliminary relief under the *Dataphase* factors, it would still find that he fails to show the imminent risk of irreparable harm necessary for the Court to recommend granting him a preliminary injunction. As explained by the R&R and demonstrated by the record in this matter since its issuance, Mr. Jackson has been able to

3

vigorously litigate this case. And he fails to approach the showing required for irreparable harm from staffing levels. Consequently, Mr. Jackson's Motions are properly denied.

Based upon the *de novo* review of the record and all the arguments and submissions of the parties, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Douglas L. Micko's August 17, 2023, Report and Recommendation [ECF. No. 34] is **ADOPTED**; and

2. Plaintiff Tony Dejuan Jackson's Objection to the August 17, 2023, R&R [ECF No. 40] is **DENIED**.

**Let Judgment be entered accordingly.**

Date: January 11, 2024            *s/Katherine Menendez*
                                  Katherine Menendez
                                  United States District Court