UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tony Dejuan Jackson, | No. 22-cv-3074 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, et al., | |
| Defendants. | |

Plaintiff Tony Dejuan Jackson is currently serving a sentence at the Minnesota Correctional Facility in Stillwater ("MCF-Stillwater"). Mr. Jackson brought this action, pursuant to 42 U.S.C. § 1983, alleging that the conditions of his confinement violate his constitutional rights. Specifically, Jackson claims that the MCF-Stillwater facility contains harmful levels of lead dust, an inadequate ventilation system, smoke from Canadian wildfires lingering in the air, and excessive heat and humidity. Defendants moved for summary judgment on Mr. Jackson's claims, arguing that they must be dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, because Jackson failed to exhaust the administrative remedies available to him through the prison's grievance system before he filed suit. ECF 83.

In a Report and Recommendation ("R&R") dated July 23, 2024, United States Magistrate Judge Douglas L. Micko recommended that the Defendants' summary judgment motion be granted because there is no genuine dispute that Mr. Jackson failed to exhaust his administrative remedies. ECF 108. Mr. Jackson objected to the R&R. ECF 109, 110,

111, 113, 114.[1] As discussed below, the Court accepts the R&R, overrules Mr. Jackson's objections, grants Defendants' motion for summary judgment, and dismisses this action.

I.      **Legal Standard**

When a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Such objections should identify the part of the R&R to which objections are made and state the reason for the party's objection. *Mayer v. Walvatne*, No. 07-cv-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). A district court conducts a de novo review of those portions of a magistrate judge's R&R to which a party specifically objects. Fed. R. Civ. P. 72(b)(3). This means that a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Riesselman*, 708 F. Supp. 2d 797, 807 (N.D. Iowa 2010) (brackets in *Riesselman*) (quoting *United States v. Raddatz*, 477 U.S. 667, 675 (1980)). The Court reviews for clear error those portions of an R&R to which no objections are made. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

---

[1] Mr. Jackson filed his first set of objections on August 1, 2024. ECF 109. On August 12, 2024, Mr. Jackson filed another set of objections along with a motion requesting permission to submit additional arguments concerning his objections. ECF 110, 111. Finally, on August 22, 2024, Mr. Jackson filed another motion asking the Court to accept his affidavit concerning difficulties he had in submitting his earlier objections. ECF 113, 114. In recognition of Mr. Jackson's *pro se* status, the Court grants his motions to consider the various filings he made in this matter after filing his initial objections. The Court has considered all of these filings (ECF 109, 110, 111, 113, 114) in construing his objections.

## II. Discussion

### A. The PLRA's Exhaustion Requirement

Congress passed the PLRA with the intent to "reduce the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Under the PLRA, "exhaustion is mandatory . . . and . . . unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner . . . until such administrative remedies as are available are exhausted"). To exhaust administrative remedies, a prisoner must follow the grievance procedure applicable to the facility where they are confined. *Jones*, 549 U.S. at 218. Failure to exhaust administrative remedies is an affirmative defense under the PLRA. *Id.* at 216. Thus, a defendant has the burden to show that a prisoner failed to exhaust available administrative remedies. *Jones*, 549 U.S. at 211–12.

The PLRA only requires exhaustion of "available" administrative remedies. *Muhammad v. Mayfield*, 933 F.3d 993, 1000 (8th Cir. 2019). Administrative remedies are available where "the administrative process has authority to take *some action* in response to a complaint even if not the remedial action an inmate demands." *Id.* (brackets in *Muhammad* removed; emphasis in *Muhammad*) (quoting *Booth v. Churner*, 532 U.S. 731, 737–38 (2001)); *see also Ross v. Blake*, 578 U.S. 632, 642 (2016) (explaining that available administrative remedies are those "that are capable of use to obtain some relief for the action complained of") (quotation omitted). By contrast, administrative remedies may be unavailable where (1) the procedure operates as a "simple dead end"; (2) the procedure is

3

so inscrutable that it is incapable of use; or (3) prison officials prevent inmates from using the procedures. *Ross*, 578 U.S. at 643–44; *see also Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (explaining that prisoners are excused from exhausting administrative remedies when prison officials have prevented them from using those procedures). But courts do not consider administrative remedies to be unavailable simply because prisoners cannot obtain the specific relief that they seek, nor because they expect that an unfavorable outcome is a foregone conclusion. *Muhammad*, 933 F.3d at 1000; *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

B.  **Summary of the R&R**

As explained in the R&R, Defendants demonstrated that MCF-Stillwater has a grievance process for inmate complaints and showed what the requirements are for a prisoner to comply with each step of that procedure. Pursuant to that procedure, Judge Micko found that an inmate must first raise an issue through a "kite," then proceed up the chain of command if the response to the kite is unsatisfactory. After going through the chain of command, an inmate may file a formal grievance using a grievance form consistent with the Minnesota Department of Corrections ("DOC") Policy 303.100. A grievance coordinator receives and tracks grievance forms submitted by prisoners at MCF institutions and retains records of the grievances that are submitted, regardless of whether the grievances are properly completed. Properly filed grievances are referred to the head of the appropriate department at MCF-Stillwater, and a summary of the grievance is entered in the DOC's "COMS" system. The MCF-Stillwater Warden or the Warden's designee makes the final decision on a grievance and responds to it. If the inmate is unsatisfied with that

response, then they may initiate a grievance appeal to the DOC's Central Office. The Central Office's response is the final decision in the administrative remedy process. *See* Armstrong Decl. ¶¶ 2–7 & Exs. 1–3, ECF 85.

Next, Judge Micko found that the Defendants presented unrebutted evidence that although Mr. Jackson could have raised the issues presented in this suit through MCF-Stillwater's grievance procedure, he did not do so. The Executive Assistant to the MCF-Stillwater Warden reviewed the COMS system used for tracking grievances. But that review showed "no record of Mr. Jackson attempting to file a grievance relating to any of the issues stated in his complaint." Armstrong Decl. ¶ 8.

Mr. Jackson argued that MCF-Stillwater's grievance procedures were unavailable to him, but Judge Micko found no evidentiary support for that position. First, Judge Micko found that Mr. Jackson failed to support his assertion that Defendants thwarted his ability to use the grievance procedure with any evidence. Second, Judge Micko determined that Mr. Jackson was not relieved of his exhaustion obligations simply because he believed there was no possibility of obtaining relief through MCF-Stillwaters procedures. Third, Judge Micko rejected Mr. Jackson's argument that the seven-day response time for each level of chain-of-command review of prisoner kites made it impossible for him to submit a formal grievance appeal within a 30-day deadline. Judge Micko explained that Mr. Jackson's timing argument was hypothetical and that Jackson presented no evidence that he tried to submit a formal grievance in a timely manner, but could not do so because of these deadlines; nor did Jackson show that defendants refused any grievance as untimely despite his compliance with the timelines for chain-of-command review. Finally, Judge

Micko disagreed with Mr. Jackson's suggestion that Defendants failed to meet their burden to show that he did not fully exhaust his administrative remedies because they did not include all the kites that Jackson submitted between 2016 and 2020.

Particularly relevant here, in rejecting Mr. Jackson's arguments that the administrative remedies provided by MCF-Stillwater were unavailable to him, Judge Micko declined Jackson's invitation to scour the record of other cases that Jackson has filed in this District. The R&R addressed this aspect of Mr. Jackson's opposition as follows:

> Mr. Jackson also asks the Court to consider, in addition to the materials filed with his memorandum opposing Defendants' motion, his filings in his other federal cases because they support his claims against Defendants here. However, it is not the Court's role to sift through documents and make guesses about what might be evidence supporting a plaintiff's claims, and the Court declines to do so here. *See Satcher v. Univ. of Arkansas at Pine Bluff Bd. of Trustees*, 558 F.3d 731, 734 (8th Cir. 2009); *Rodgers v. City of Des Moines*, 435 F.3d 904, 908 (8th Cir. 2006); *Rodriguez-Senum v. Senum*, No. 21-cv-2280 (JRT/LIB), 2022 WL 993674, at *2 (D. Minn. Apr. 1, 2022) (citing *Smith v. Hennepin Cty. Fam. Ct.*, No. 19-cv-3100 (DSD/BRT), 2020 WL 1930555, at *1 n.2 (D. Minn. Mar. 24, 2020), *R. & R. adopted*, 2020 WL 1923219 (D. Minn. Apr. 21, 2020).

R&R at 1–2 n.1.

### C. Mr. Jackson's Objections

*Judicial Notice*

Mr. Jackson objects to Judge Micko's decision not to take judicial notice of Jackson's complaints and other filings in prior cases. ECF 109. Mr. Jackson suggests that it was erroneous for Judge Micko to disregard the submissions in his other cases. ECF 109.

This objection is overruled. The Eighth Circuit has held that a district court is not required to unilaterally examine court records in search of evidence that might support a nonmoving party's opposition to a properly supported motion for summary judgment. *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) ("It was not the District Court's responsibility to sift through the record to see if, perhaps, there was an issue of fact.") (quoting *Satcher*, 558 F.3d at 735). Judge Micko properly applied this rule.

In opposing the Defendants' motion for summary judgment, Mr. Jackson generally referred to his "complaint and exhibits" in two other cases—*Jackson v. Schnell*, No. 23-cv-186, and *Jackson v. Schnell*, 23-cv-366. ECF 90 at 3–4.[2] In one of these cases, No. 23-cv-186, Mr. Jackson's amended complaint was 62 pages long (23-cv-186, Doc. No. 4), and he filed an array of exhibits, including: Exhibits 1–56 comprising another 60 pages (23-cv-186, Doc. No. 3); and Exhibits AA1–AA25 which consisted of another 30 pages of material (23-cv-186, Doc. Nos. 8, 9, 10). In another, No. 23-cv-366, Mr. Jackson's amended complaint was also lengthy (23-cv-366, Doc. No. 9), and the record included numerous exhibits as well (23-cv-366, Doc. No. 10, 12, 14). Mr. Jackson did not cite to page numbers, individual exhibits, or any focused portions of these submissions. In total, through his opposition to the summary judgment motion, it appears that Mr. Jackson asked the Court to take judicial notice of unspecified facts found somewhere in the records of as many as eleven of his prior lawsuits. *See generally* ECF 90–93. Similarly, in his objections to the R&R, Jackson again makes a general reference to the complaint and exhibits filed in other

---

[2] Mr. Jackson also referred to Exhibits LL-11 through LL-14 in *Jackson v. Dayton*, No. 17-cv-880. It is not clear from the record in this 2017 case which filings contain the referenced exhibits.

more recent cases—*Jackson v. Schnell*, No. 23-cv-3827, and *Jackson v. Schnell*, 24-mc-39—without pointing to any specific portion of the record in those proceedings, though he suggests they show he was prevented from exhausting his administrative remedies. ECF 110 at 3; ECF 113 at 1.[3]

Rule 56 explicitly provides that in ruling on a motion for summary judgment, "[t]he court need consider only the cited materials." Fed. R. Civ. P.56(c)(3). Mr. Jackson did not cite to any specific materials in the record of this case that establish a genuine issue of fact and his general references to voluminous filings in other proceedings does not suffice. *Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 523 (8th Cir. 2020) (finding that district court did not err by refusing "to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim") (quoting *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996)). The Court has reviewed the record in this proceeding in detail and agrees with Judge Micko that there is no genuine dispute that Mr. Jackson did not fully exhaust his administrative remedies. The Court also finds that there is no dispute that administrative remedies at MCF-Stillwater were available to Mr. Jackson. And because the time for Mr. Jackson to pursue his administrative remedies has expired, the Court further agrees that Mr. Jackson's claims are subject to dismissal with

---

[3] Mr. Jackson also now asks the Court to take judicial notice in this proceeding of the amended response in opposition to the defendants' motion to dismiss in *Jackson v. Schnell*, No. 23-cv-3827, which is another nearly 50-page document supported by a declaration and affidavit that bring the page total of the potentially cited materials to 102 pages. (23-cv-3827, Doc. No. 59, 60, 62.) Again, Mr. Jackson points to no specific portion of these materials.

prejudice. *Allen v. Jussila*, No. 08-cv-6366 (JNE/JSM), 2010 WL 3521934, at *9 (D. Minn. Aug. 5, 2010) ("[B]ecause Allen can no longer exhaust his claims, he has procedurally defaulted them and his suit is precluded forever and must be dismissed with prejudice."), *R&R adopted*, 2010 WL 3521927 (D. Minn. Sept. 1, 2010), *aff'd per curiam*, 430 F. App'x 555 (8th Cir. 2011).

### ***Thwarting Plaintiff's Use of Grievance Procedure***

Mr. Jackson also objects to the R&R's conclusion that Jackson failed to show any genuine issue for trial concerning his argument that Defendants prevented him from using the prison's administrative remedy procedures. ECF 110 at 2–3. Mr. Jackson states that the Defendants filed a grievance form in support of their motion that was outdated, and the grievance forms that became effective in 2009 through the present specifically inform an inmate that he must attach a copy of all supporting kites and staff responses to a grievance form, or else the grievance will be returned. *Id.* (citing Exs. T-3–T-5, ECF 110-1). According to Mr. Jackson, his opposition to the Defendants' motion for summary judgment showed that Defendant Guy Bosch never returned any of his kites to him during the chain-of-command process, so MCF-Stillwater's grievance procedure was unavailable. *Id.* at 3; *see also* ECF 90 at 4 ¶ C; ECF 92 at 2 ¶ 11.

This objection is also overruled. Although Mr. Jackson raised this issue in his filings opposing Defendants' motion for summary judgment, he did not provide evidence creating a genuine issue of fact. Certainly, it would be concerning if a prison's grievance system required attachment of kites to a grievance form, but prison officials refused to return kites to an inmate and then refused his grievances because he failed to attach the kites. But the

9

record in this case does not include evidence suggesting that anything of the sort occurred here. Mr. Jackson does not point to evidence that after he submitted kites regarding any of the issues alleged in his complaint, those kites were not returned, and then he attempted to file a grievance without including the unreturned kites. Nor does he provide any evidentiary basis for the Court to conclude that any of the Defendants subjected him to the proverbial Catch-22 of rejecting such a grievance form because he did not include the kites that were allegedly withheld. Indeed, the evidence in the record indicates that this never occurred. Defendants' evidence shows that even when a grievance form is not properly filed, which would presumably be the case where a grievance was filed without attaching the necessary kites, it is recorded into the COMS system. And a review of that system identified no grievances filed by Mr. Jackson relating to the issues alleged in his complaint in this case. Armstrong Decl. ¶¶ 6–8. Accordingly, Mr. Jackson has failed to demonstrate that there is a genuine factual dispute about whether Defendants prevented him from using the administrative remedy process.

### *No Clear Error*

Having construed Mr. Jackson's post-R&R submissions liberally as encompassing all his objections, the Court identifies no other specific objections requiring further de novo review. Having reviewed the remainder of the R&R for clear error, the Court finds none and agrees with Judge Micko's conclusion that Defendants are entitled to summary judgment.

## ORDER

Accordingly, **IT IS HEREBY ORDERED THAT**

1. The R&R, ECF 108, is **ACCEPTED**.

2. Plaintiff's Objections, ECF 109, 110, 111, 112, 113, 114, are **OVERRULED**.

3. Defendants' Motion for Summary Judgment, ECF 83, is **GRANTED**.

4. Plaintiff's Motion Requesting Permission to Submit Additional Arguments Regarding Plaintiff's Objections to Report and Recommendation, ECF 111, is **GRANTED**. Plaintiff's Motion Requesting that the Court Accept the Plaintiff's Affidavit, ECF 113, is **GRANTED**. The Court has reviewed and considered each of Mr. Jackson's submissions that post-date the R&R and treated them as part of a single set of objections.

5. This matter is **DISMISSED WITH PREJUDICE**.

6. Plaintiff's Motion to Amend the Scheduling Order, ECF 98, is **DENIED AS MOOT**.

**Let Judgment be entered accordingly**.

Date: September 19, 2024          *s/Katherine Menendez*
                                  Katherine Menendez
                                  United States District Court