UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tony Dejuan Jackson,                           No. 22-cv-3074 (KMM/DLM)

       Plaintiff,

v.                                             **ORDER**

Paul Schnell, et al.,

       Defendant.

---

This matter is before the Court on plaintiff Tony Dejuan Jackson's application to proceed on appeal without prepayment of fees, ECF 118, and his motion requesting a finding that he is under imminent danger of serious physical injury pursuant to 28 U.S.C. § 1915(g), such that he should be deemed eligible for *in forma pauperis* ("IFP") status on appeal, ECF 119 ("imminent-danger motion").

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status. 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a). Section 1915(g), however, contains the following restriction:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As previously explained in connection with Mr. Jackson' IFP application for this district court proceeding:

1

> Jackson's litigation history in this District is extensive. *See, e.g., Jackson v. Schnell*, No. 22-CV-0965 (WMW/JFD), 2022 WL 17418038, at *1 & n.2 (D. Minn. Aug. 19, 2022), *report and recommendation adopted*, 2022 WL 17091170 (D. Minn. Nov. 21, 2022). As a result, he has accumulated three "strikes" under 28 U.S.C. § 1915(g). *See, e.g.*, *id.* at *1 n.2; *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/DTS), 2022 WL 1050354, at *1 (D. Minn. Mar. 23, 2022).

Order (Feb. 2, 2023), ECF 3. Because he is a three-strikes litigant, Mr. Jackson is foreclosed from proceeding IFP on appeal unless he shows that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The United States Court of Appeals for the Eighth Circuit has held that "the requisite imminent danger of serious physical injury must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "Absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," "general" or "conclusory assertions" are insufficient to invoke the exception to § 1915(g). *Id.* (citing *AbdulAkbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d. Cir. 2001) (en banc)). "[A] district court [need not] accept any and all allegations of injury as sufficient to forestall application of 28 U.S.C. § 1915(g)," such as "factual claims of imminent danger that are 'clearly baseless,' i.e., allegation that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)), *overruled on other grounds in, Abdul-Akbar*, 239 F.3d at 312; *see also Stine v. U.S. Fed. Bur. of Prisons*, 465 F. App'x 790, 794 n.4 (10th Cir. 2012) (same).

In Mr. Jackson's imminent-danger motion, he asserts that he "is under imminent danger of serious physical injury, due to long periods of exposure to toxic smoke being caused by unknown synthetic drug[s] such as fentanyl which is being smuggled into Stillwater Prions and being smoked by the prisoners in large quantities." ECF 119 at 2. He states that the prison was "placed on lockdown" after nine corrections officers were exposed to "synthetic drug smoke" and taken to the hospital for administration of Narcan. *Id.* Further, he alleges that the prison "does not have an adequate ventilation system so the unknown synthetic drug smoke linger[s] in the housing cellblock." *Id.* at 2–3. Although prison staff were provided N-95 masks, Mr. Jackson asserts that he was not given such a mask. *Id.* at 2. Mr. Jackson generally asserts that the Defendants "are only concerned with prioritizing the health and safety of the Stillwater corrections staff and not the Plaintiff Jackson and all other similarly situated prisoners housed at Stillwater prison." *Id.* at 3. Finally, Mr. Jackson states that he is "experiencing abnormally high blood pressure, headache[s,] and dizziness" and that he "has a tumor growing inside his brain." *Id.* at 3. Mr. Jackson's motion includes a "Declaration" page that conforms to the requirements of 28 U.S.C. § 1746. *Id.* at 4.

Under these circumstances, and recognizing that Mr. Jackson's facially plausible assertions of imminent danger of serious physical injury are generally treated as true for purposes of this inquiry, the Court finds Mr. Jackson has made the preliminary showing necessary to be eligible for IFP status on his appeal. His allegations concern the circumstances he faces inside the prison at the time of the filing of the appeal, and the Court's own research identifies no case indicating that the types of concerns he raises

3

cannot constitute a risk of "serious" physical injury. To be clear, in reaching this conclusion, the Court does not credit Mr. Jackson's general and conclusory assertion the Defendants are unconcerned with the health and safety of the inmates at MCF-Stillwater. But the Court concludes that the imminent-danger exception to § 1915(g)'s prohibition on a three-strikes litigant proceeding IFP on appeal has been met in this case.

That conclusion does not end the inquiry, however. The Court must still determine whether Mr. Jackson is financially eligible for IFP status on appeal and the amount he must pay in an initial partial filing fee. As for his financial eligibility, the Court notes that Mr. Jackson was granted IFP status in this district court case. As a result, he may pursue his appeal *in forma pauperis* as well. *See* Fed. R. App. P. 24(a)(3).[1]

Mr. Jackson must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). A prisoner who is granted IFP status is not ultimately excused from paying the full appellate filing fee; rather, he is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Under Eighth Circuit law, by filing his notice of appeal, Mr. Jackson is liable for the full $605 filing fee "regardless of

---

[1] With some reservation, the Court finds Mr. Jackson's appeal is taken in good faith. Fed. R. App. P. 24(a)(3)(A). And the Court has already found that 28 U.S.C. § 1915(g) does not act as a barrier to Mr. Jackson obtaining leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(3)(B) (providing that a party permitted to proceed IFP in district court may proceed IFP on appeal "without further authorization, unless . . . a statute provides otherwise").

the outcome of the appeal." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). Further, by filing his notice of appeal, Mr. Jackson "consents to the deduction of the initial partial appellate filing fee and the remaining installments from [his] prison account by prison officials." *Henderson*, 129 F.3d at 484. The initial partial appellate filing fee is 20% of the greater of average monthly deposits or the average monthly balance in Jackson's trust account over the last six months. *See* 28 U.S.C. § 1915(b)(1)(A)–(B). An applicant for IFP status on appeal has 30 days from the date he filed his notice of appeal to provide a certified statement of his trust account for the last six months. *Henderson*, 129 F.3d at 484. "Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about [Plaintiff's] finances." *Id.*

Mr. Jackson asserts that he has no regular income and no assets, but that he ordinarily makes $65 every two weeks. ECF 118 at 5. Plaintiff did not provide a certified trust account statement along with his appellate IFP application because the MCF-Stillwater facility was on lockdown at the time he submitted his application and he did not obtain the certificate from an authorized prison official. *Id.* The Court notes that in another case Mr. Jackson recently filed in this District, he paid the full $405.00 filing fee after being denied IFP status, which calls into question the extent to which Mr. Jackson has funds available to pay an initial partial filing fee. *See Jackson v. Schnell*, No. 24-cv-3334 (NEB/LIB), Doc. No. 7 (D. Minn. Sept. 12, 2024) (Receipt). Accordingly, the Court will hold Mr. Jackson's IFP application in abeyance so that he may file with the Court a certified

5

copy of his prison trust account statement for the six-month period preceding the filing of his notice of appeal.

Consistent with the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Mr. Jackson's imminent-danger motion, ECF 119, is **GRANTED**.

2. Mr. Jackson's appellate IFP application, ECF 118, is held in abeyance pending further order of the Court.

3. **On or before October 31, 2024**, Mr. Jackson shall file a Certificate of Authorized Prison Official setting forth that average monthly deposits in Jackson's trust fund prison account and the average monthly balance in his account for the six-month period immediately preceding September 30, 2024.

4. Along with a copy of this Order, the Clerk of Court is directed to mail a copy of the form motion and affidavit for permission to appeal in forma pauperis that is available on the District of Minnesota's website, including the Certificate of Authorized Prison Official.

Date: October 2, 2024                    *s/Katherine Menendez*
                                          Katherine Menendez
                                          United States District Court