UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Tony Dejuan Jackson, | No. 22-cv-3074 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell, et al., | |
| Defendant. | |

---

This matter is before the Court on plaintiff Tony Dejuan Jackson's motion requesting (1) reconsideration of the Court's decision granting the Defendants' motion for summary judgment and (2) a preliminary injunction. (ECF 121). On September 19, 2024, the Court granted summary judgment to Defendants because there is no genuine dispute that Mr. Jackson failed to exhaust administrative remedies prior to filing this action, as required by the PLRA. Further, the Court found that Mr. Jackson had failed to point to any evidence showing that administrative remedies were unavailable. The Court dismissed Mr. Jackson's claims with prejudice because the time for exhausting the claims asserted in this proceeding has long since expired. ECF 115. The Clerk of Court entered judgment on September 20, 2024, and Mr. Jackson has since filed a notice of appeal.

Mr. Jackson now seeks reconsideration of the summary judgment decision because the Minnesota Department of Corrections allegedly adopted a new grievance system that was not available to him until August of 2024. He also asserts that in the MCF-Stillwater facility where he is incarcerated, other inmates have recently engaged in constant drug use

1

that has released large amounts of toxic smoke into the air within the prison, causing significant health risks for prisoners and correctional officers. He contends that other prisoners are smoking fentanyl and that the smoke lingers due to poor ventilation within MCF-Stillwater. Jackson further asserts that the Court should issue a preliminary injunction so that he can exhaust his complaints about the current conditions in the prison using the recently adopted changes to the grievance system.

None of these recent events shows that before he filed this case in December of 2022, Mr. Jackson did, in fact, exhaust administrative remedies. Nor do these developments have any relevance to Mr. Jackson's claims that administrative remedies were unavailable to him back in 2022. Accordingly, Mr. Jackson has failed to demonstrate the "compelling circumstances" that would justify reconsideration of the Court's summary judgment decision. D. Minn. LR 7.1(j); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."). And because Mr. Jackson's claims have been dismissed and judgment entered favor of the defendants, there is no status quo for the Court to preserve until a final decision can be reached on the merits of Mr. Jackson's claims. *See Kansas City S. Transp. Co. v. Teamsters Loc. Union #41*, 126 F.3d 1059, 1066–67 (8th Cir. 1997) ("The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief.") (quoting *Ferry–Morse Seed Co. v. Food Corn, Inc.,* 729 F.2d 589, 593 (8th Cir.1984)). Mr. Jackson cannot transform this case, which concerned claims about prison conditions in 2022, into a new piece of litigation to assert his claims about the conditions of his

confinement in the last few months. This is true even though his claims about recent fentanyl smoke lingering in the air due to poor ventilation bear some resemblance to the allegations in his pleadings in this case, which concern, at least in part, smoke from Canadian wildfires causing health problems due to inadequate ventilation.

For these reasons, Mr. Jackson's motion for reconsideration and a preliminary injunction (ECF 121) is **DENIED**.

Date: October 4, 2024

*s/Katherine Menendez*
Katherine Menendez
United States District Court